IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Isabella Carrillo | : Civil Action No. 15-1067 |
| | : |
| v. | : **Jury Trial Demanded** |
| | : |
| Lower Merion Township, Officer Corey Hatton, | : |
| Officer Jane Doe, and John Doe(s), individually and | : |
| as police officers for the Lower Merion Police | : |
| Department | : |
| | : |

### **DEFENDANTS' ANSWER WITH AFFIRMATIVE DEFENSES**

**Jurisdiction**

1. Admitted that this Court has jurisdiction over this matter, and that venue is proper in the United States District Court for the Eastern District of Pennsylvania.

**Parties**

2. Admitted, upon information and belief.

3. Admitted in part; denied in part. This paragraph is admitted with the exception of reference to "Thomas" who is not otherwise identified, and is not a Defendant in this matter. To the extent a response is deemed required at to "Thomas", this averment is denied.

4. Admitted, at to Defendant Hatton. No response is required as to Defendants Jane Doe and John Doe.

5. To the extent this averment represents a conclusion of law, it is denied as such. To the extent it represents a factual averment, after reasonable investigation, Defendants are without information sufficient to form a belief as to the veracity of Plaintiff's averments regarding damages and therefore deny same and demand strict proof at trial.

6. Denied as conclusion of law.

**Factual Allegations**

7. Denied as stated. To the extent Plaintiff's averment was intended to read in relevant part "the early morning hours of March 27, 2014", it is admitted.

8. Denied as conclusion of law.

9. Denied.

10. It is admitted that Plaintiff has arrested on March 27, 2014 as a result of her own criminal actions. It is specifically denied that she was "violently slammed" or that she had handcuffs applied "in an excessively tight manner", such that her averments regarding damages are also denied.

11. It is admitted that Plaintiff was charged with public intoxication. It is denied that officers did so "without cause or justification". By way of further response, Plaintiff's actions as documented in the incident report already in her possession, makes it clear it was her own actions that resulted in her arrest.

12. It is admitted that Plaintiff was transported to the police station and processed there, being release when appropriate. Plaintiff's characterization of "many hours" is not sufficiently defined such that it must be denied.

13. Admitted, with qualification. Judge Valentine also pointed out that a more appropriate charge for the behavior exhibited by Plaintiff would have been a disorderly conduct charge, rather than public intoxication, and therefore found the Plaintiff "not guilty".

14. Denied both factually and as conclusion of law.

15. Denied both factually and as conclusion of law.

16. Denied both factually and as conclusion of law.

17. Denied both factually and as conclusion of law.

18. Denied both factually and as conclusion of law.

19. Denied both factually and as conclusion of law.

20. Denied both factually and as conclusion of law.

21. Denied both factually and as conclusion of law.

22. Denied both factually and as conclusion of law.

23. Denied both factually and as conclusion of law.

24. After reasonable investigation, Defendants are without information sufficient to form a belief as to the veracity of Plaintiff's averments regarding injuries and/or damages, and therefore deny same and demand strict proof at trial.  By way of further response, the actions of the officers in taking a resisting Plaintiff into custody were entirely lawful and reasonable.

## COUNT I

25. Defendants incorporate by reference their responses to paragraphs 1 through 24 as if set forth here at length.  By way of further response, as the heading again refers to "Thomas" but there is no such Defendant in this matter, no response is provided as to this individual.

26. Denied as conclusion of law.

27. Denied as conclusion of law.

28. Denied as conclusion of law.

## COUNT II

29. Defendants incorporate by reference their responses to paragraphs 1 through 28 as if set forth here at length.

30. Denied as conclusion of law.

31. Denied as conclusion of law.

32. (a-i)  Denied as conclusions of law.

33. Denied both factually and as conclusion of law.

34. Denied as conclusion of law. By way of further response, Plaintiff's Fourteenth Amendment claim is subsumed by her Fourth Amendment claim.

## COUNT III

35. Defendants incorporate by reference their responses to paragraphs 1 through 34 as if set forth here at length.

36. Denied both factually and as conclusions of law.

## AFFIRMATIVE DEFENSES

1. To the extent Plaintiff's claims are barred and/or limited pursuant to the applicable statute of limitations, Defendants claim same.

2. Plaintiff's Complaint fails to state a cause of action against Defendants.

3. Defendants assert the defense of qualified immunity as articulated in <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982); <u>Saucier v. Katz</u>, 532 U.S. 194 (2001), <u>Ashcroft v. Iqbal</u>, 2009 U.S. LEXIS 3472 (2009), and subsequent cases.

4. Defendants assert all immunity to which they may be entitled under the Political Subdivision Tort Claims Act, 42 Pa. C.S. §8541 et seq.

5. Defendants assert immunity from the imposition of damages, which are premised upon negligent conduct, as that term is defined in <u>Davidson v. Cannon</u>, 106 S.Ct. 668 (1997); and <u>Daniels v. Williams</u>, 106 S.Ct. 662 (1986).

6. Defendants assert the right of qualified immunity, as a right not to go to trial, as set forth in <u>Mitchell v. Forsythe</u>, 472 U.S. 511 (1985), and <u>Ashcroft v. Iqbal</u>, 2009 U.S. LEXIS 3472 (2009).

7. Defendants assert that Plaintiff was, at all times relevant to the Complaint, afforded all rights and privileges to which she was entitled under the United States Constitution, Pennsylvania Constitution and all applicable state and federal laws.

8. Defendants assert all common law, statutory immunity and qualified immunity to which they may be entitled.

9. Plaintiff's injuries, sufferings and/or damages, if any, were caused by her own conduct, negligence, recklessness, disregard, criminal and other behavior, and not in any way by the conduct of the Defendants.

10. Defendants assert all the defenses available to them under the Civil Rights Act of 1871.

11. At all times material to the Complaint, Defendants acted in a manner which was objectively reasonable, in light of the facts and circumstances confronting them. Graham v. Connor, 109 S.Ct. 1865 (1989).

12. As negligent, or careless conduct on the part of a Defendant is insufficient to maintain a cause of action pursuant to 42 U.S.C. §1983, Defendants claim same as a defense.

13. No act, action or omission of Defendants was the proximate cause or illegal cause of any damage allegedly sustained by the Plaintiff and this constitutes a complete defense to the within cause of action.

14. To the extent Plaintiff's claims are barred as Supreme Court's ruling in Heck v. Humphrey, 512 U.S. 477 (1994), Defendants claim same as a defense.

15. To the extent Plaintiff's claims are barred by any judicial determination of any state or federal court, Defendants claim same as defense.

16. Plaintiff's injuries and/or damages as alleged were not caused in any manner by the acts or inaction of any Defendants.

17. Plaintiff's injuries and/or damages as alleged were caused by her own acts or omissions.

18. Plaintiff's injuries and/or damages as alleged were caused by her own criminal acts or omissions, or the criminal acts or omissions of others.

WHEREFORE, Defendants, demand judgment in their favor, together with all costs, counsel fees and other relief that the Court deems appropriate.

                              **MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY:    s/Christopher Boyle
           CHRISTOPHER BOYLE, ESQUIRE
           ID#  PA93002
           620 Freedom Business Center, Suite 300
           King of Prussia, PA 19406
           (610) 354-8476 Fax (610) 354-8299
           Email:  cpboyle@mdwcg.com
           Attorney for Defendants

DATE:  March 19, 2015
26/2931498.v1

## CERTIFICATE OF SERVICE

    I, CHRISTOPHER BOYLE, ESQUIRE, do hereby certify that a true and correct copy of Defendants' Answer with Affirmative Defenses, was electronically filed with the Court on March 19, 2015 and is available for viewing and downloading from the ECF System. All counsel of record was served via electronic notification.

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY:   s/Christopher Boyle
CHRISTOPHER BOYLE, ESQUIRE
ID#  PA93002
620 Freedom Business Center, Suite 300
King of Prussia, PA 19406
(610) 354-8476 Fax (610) 354-8299
Email:  cpboyle@mdwcg.com
Attorney for Defendants

DATE:  March 19, 2015
26/2931498.v1